**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**             **CASE NO. 8:17-cr-21-SCB-CPT**

vs.

**GEOVANNI DIVAS-ESTRADA**

**DEFENDANT'S MOTION FOR DOWNWARD VARIANCE AND SENTENCING MEMORANDUM IN SUPPORT OF HIS REQUEST FOR A REASONABLE SENTENCE**

COMES NOW, the Defendant, **GEOVANNI DIVAS-ESTRADA**, by and through undersigned counsel, and files this sentencing memorandum in support of a sentence below the advisory guideline. Mr. Divas-Estrada moves this Court for the imposition of a reasonable sentence which is no greater than necessary to comply with the purposes of sentencing enumerated in 18 U.S.C. § 3553(a)(2). As grounds in support of this motion, Mr. Divas-Estrada states the following:

### I. MR. DIVAS-ESTRADAS' BACKGROUND

Mr. Divas-Estrada is a 45 year old native of Guatemala. Mr. Divas-Estrada along with his six siblings were raised by his parents. His Father worked as the assistant mayor of the municipality of Nueva Concepcion and his Mother was a homemaker. His parents did their best to provide for the six children and the family maintains a close relationship. Mr. Divas-Estrada's father and mother are of advanced age and currently suffering from a variety of ailments. Some of Mr. Divas-Estrada siblings currently reside with his parents to provide for their care.

Prior to this offense, Mr. Divas-Estrada has worked consistently as a fisherman and later as a cattleman to provide for his own family. His common-law wife Rosenda Argueta Divas and his minor children lived in a home in Iztapa, Guatemala. Mr. Divas-Estrada is in fair health and regularly takes medicine for his high blood pressure. He does not have any history of using illegal drugs. He does not suffer from any mental issues.

1

Mr. Divas-Estrada has no prior convictions; this offense did not involve a weapon or violence, and his involvement was a result of his desire to better his financial situation for his family.

## II. PROCEDURAL HISTORY AND GUIDELINE CALCULATIONS

On January 17, 2017 the grand jury in the Middle District of Florida returned indictment charging Mr. Divas-Estrada, and co-defendants with a two-count Indictment for Conspiracy, and Aiding and Abetting to Possess, with the Intent to Distribute 5 kilograms or more of Cocaine, in violation of 46 U.S.C. §§ 70503 (a) and 70506(a) and (b), 21 U.S.C. § 960 (b)(1)(B)(ii), and 18 U.S.C. § 2.

On May 21, 2018, Mr. Divas-Estrada pled guilty to Count 1, pursuant to a plea agreement, and the Court accepted his plea of guilty and adjudication of guilt.

The probation officer correctly calculated Mr. Divas-Estradas' advisory guideline range. PSR ¶¶32. With an offense level of 39, and a criminal history category I, Mr. Divas-Estradas' guideline imprisonment range is **262 months to 327 months**.

## MEMORANDUM OF LAW AND ARGUMENT

This Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining Mr. Divas-Estrada's sentence. Considering each of the relevant factors in light of this case, and Mr. Divas-Estrada's life and background; he should be sentenced to no more than 150 months in prison. In the alternative, should the United States choose to recognize the substantial assistance Mr. Divas-Estrada's provided it and file a motion pursuant to the provisions of U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), the Court should sentence Mr. Divas-Estrada to 150 months in prison.

One hundred fifty months in prison for the crime Mr. Divas-Estrada committed is more than sufficient, and any sentence more than One hundred and fifty months is unreasonable and unduly harsh. While Mr. Divas-Estrada committed a federal crime, he admitted his involvement in a timely manner, expressed extraordinary remorse and regret over his participation in the crime,

agreed to cooperate immediately with federal agents and told them everything he knew related to this case, and entered his guilty plea knowing he will be deported after serving a lengthy term of incarceration. Furthermore, the nature and circumstances of his offense, his personal history, and his relative youth and personal characteristics weigh in favor of a sentence of 150 months, and no longer than 170 months. While his behavior and actions related to this case were wrong, they were not violent in nature. Mr. Divas-Estrada never used violence and never issued threats of violence, he has no criminal history, and he poses no personal danger to anyone in any society.

In addition, under the parsimony principal, which requires a district court to impose a sentence "sufficient, but not greater than necessary to comply with the purpose of sentencing" set forth in 18 U.S.C. § 3553(a)(2), the sentence in this case should be the minimum necessary to accomplish the listed purposes. Each of the purposes listed by 18 U.S.C. § 3553(a)(2) would be achieved with a prison sentence of 150 months. With regard to a just punishment and deterrence, Mr. Divas-Estrada's actions were no doubt morally wrong, legally forbidden, and misguided, and the requested sentence, which will be followed with deportation, would effectively and adequately punish him for those actions. Such a sentence would also deter him from returning to such unlawful and immoral activities in the future, no matter how desperate he became, and would lead both Mr. Divas-Estrada and the general public to seriously consider the behavior they choose to engage in.

**III. REQUEST FOR A REASONABLE SENTENCE**

Mr. Divas-Estrada respectfully requests that this Court impose a sentence below the advisory guideline range, as "sufficient but not greater than necessary" to accomplish the purposes of sentencing. The Sentencing Guidelines are now, of course, advisory. *United States v. Booker*, 543 U.S. 220 (2005). Thus, although the recommended guideline range must be taken into account, this Court must follow the "parsimony provision" of 18 U.S.C. § 3553(a), which is the "overarching" command of the statute. *Kimbrough v. United States*, 552 U.S. 85, 128 S. Ct. 558, 570 (2007). That provision provides that this Court "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of [§ 3553(a)]." Those purposes set forth in paragraph 2, are: "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from

3

further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

## A. The Nature and Circumstances of the Offense and the History and Characteristics of Mr. Divas-Estrada [18 U.S.C. § 3553(a)(1)]

The history and characteristics of Mr. Divas-Estrada, as well as the facts and circumstances of this case would justify a departure/variance. Mr. Divas-Estrada is 45 years old, he has three minor children that he has cared for since birth. Like many others in his country, he was struggling to make ends meet.

## B. To Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense [18 U.S.C. §3553(a)(2)(A)]

Mr. Divas-Estrada has accepted responsibility for his actions, and acknowledged that his behavior was wrong. He related that he did not truly understand the consequences of his actions until he arrived in the United States, sat in jail, and had an opportunity to reflect on his actions. Mr. Divas-Estrada is devastated at his choices and now his inability to assist his family financially. He only wishes to use his time wisely to learn English and expand of his knowledge base on a new trade. Mr. Divas-Estrada is a first time offender, is not a violent and will eventually be returned to his country. For Mr. Divas-Estrada, the punitive purpose of sentencing can be achieved with a below-range sentence.

## CONCLUSION

After consideration of the factors enumerated in 18 U.S.C. § 3553(a), this Court should find that a sentence below the advisory guideline range is "sufficient but not greater than necessary to achieve the purposes of sentencing." Mr. Divas-Estrada requests that a sentence of 150 months is more than reasonable in this case.

                Respectfully submitted,

                /s/ Cynthia Hernandez

                CYNTHIA J. HERNANDEZ, ESQUIRE
                Florida Bar No.: 0010422
                3030 N. Rocky Point Dr., Suite 150
                Tampa, FL 33607
                Telephone: (813) 841-2933
                Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of August, 2018 a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notice of the electronic filing to the following:

Dan Baeza, AUSA

Daniel.Baeza@usdoj.gov

                /s/ Cynthia Hernandez

                CYNTHIA J. HERNANDEZ, ESQUIRE